Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSEAN AYALA DÍAZ<br><br>Peticionario | KLCE202400106 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Crim. Núm. JSC2023G0252 J1CR20230223<br><br>Sala: 404<br><br>Sobre: ART. 411-A SUST. CONTR. Y ART. 246-A C. P. |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Comparece la parte peticionaria, Josean Ayala Díaz, solicitando la revisión de la *Resolución* emitida y notificada el 2 de enero de 2024 por el Tribunal de Primera Instancia Sala Superior de Ponce, en la cual declaró "No Ha Lugar" la solicitud de desestimación presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida.

I.

Por hechos acontecidos el 22 de agosto de 2023 en la Plaza Las Delicias en Ponce, Puerto Rico, el Ministerio Público presentó acusaciones en contra del peticionario, imputándole cargos por violación al Art. 411-A de la Ley de Sustancias Controladas de Puerto Rico.[1] Específicamente, se le imputó la comisión del delito de posesión de la sustancia controlada conocida como marihuana, sin

---

[1] Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA § 2411a.

Número Identificador

SEN2024 _____

autorización en Ley para ello, dentro de los cien (100) metros radiales de un área recreativa.

Luego de varios trámites procesales, impertinentes para la controversia que nos ocupa, el 4 de diciembre de 2023, el peticionario presentó *Moción de Desestimación y/o para Presentar Defensas*. En ésta, alegó que el *Certificado de Análisis del Instituto de Ciencias Forense de Puerto Rico* reflejaba que la cantidad incautada de marihuana fue de 0.19 gramos. Expresó, además, el representante legal del peticionario que, según su experiencia como abogado criminalista, dicha cantidad de marihuana pudiese tener un costo de $1.00 a $2.00. Es por ello que, sostuvo que la conducta es tan insignificante que no amerita un procesamiento ni una pena de convicción. Ante ello, le solicitó al Tribunal de Primera Instancia la desestimación del pleito o, en la alternativa, que se incluyera la conducta insignificante como defensa para el juicio en su fondo.

En respuesta, el 22 de diciembre de 2023, el Ministerio Público presentó *Contestación a Moción de Desestimación y/o para Presentar Defensas.* En síntesis, alegó que la conducta insignificante tiene el fin de impedir que se procese a personas por actos que no producen el daño o el peligro que la ley que define el delito pretende evitar y que debe ser considerar exclusivamente cuando el ciudadano incurra en actos que no producen dicho daño o peligro. **Afirmó el Ministerio Público que, independientemente de la cantidad, el acto de la posesión de marihuana en los alrededores de un área recreativa como es la plaza pública a las 11:00AM es una conducta que desestabiliza el orden público y debe ser sancionada con la severidad que exige la ley, por lo que solicitó que se declarara No Ha Lugar a la moción de desestimación.**

Atendidos los escritos presentados, el 27 de diciembre de 2023, el foro *a quo* celebró vista sobre desestimación. El 2 de enero de 2024, el foro primario emitió y notificó una *Resolución* en la cual

declaró "No Ha Lugar" a la solicitud de desestimación presentada por el peticionario.

Inconforme con dicha determinación, el 25 de enero de 2024, el peticionario recurrió a este foro revisor y presentó el recurso de *certiorari* ante nos con el siguiente señalamiento de error:

A. Primer señalamiento de Error:
"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Ponce, al declarar No Ha Lugar la solicitud de desestimación al amparo de el [sic] Art. 34 de Código Penal de 2012, según enmendado, por Conducta Insignificante."

Examinado los recursos en su totalidad y con la comparecencia ambas partes, damos por perfeccionado el recurso y procedemos a establecer el derecho aplicable y resolver.

II

**A. *Certiorari***

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[2] Ahora bien, la discreción del tribunal revisor no debe abstraerse del resto del Derecho, y por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. [3] Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros.[4] Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[5] orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari*.[6] La referida regla dispone lo siguiente:

---

[2] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65, 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

[3] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Mun. Caguas v. JRO Construction, supra*, 712; *IG Builders et al. v. BBVAPR, supra*, 338.

[4] *Id.*

[5] 4 LPRA Ap. XXII-B, R. 40.

[6] *Torres González v. Zaragoza Meléndez, supra*; *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*; *Mun. Caguas v. JRO Construction, supra*; *McNeil*

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso.[7] Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.[8] Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[9]

---

*Healthcare v. Mun. Las Piedras I, supra*, págs. 404-405; *IG Builders et al. v. BBVAPR, supra*, págs. 338-339.
[7] *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).
[8] *Id.*
[9] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra*; *Cruz Flores et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).

**B.** *Las Causas de Exclusión de Responsabilidad Penal como Defensas Afirmativas*

En la evaluación de una conducta delictiva primero se debe determinar si objetivamente hubo una acción u omisión correspondiente a la descripción del delito y si existe una imputación subjetiva.[10] Luego, en el mismo ejercicio evaluativo, **el juzgador** deberá considerar si, a base de alguna defensa afirmativa, los hechos están justificados, exculpados o exentos por alguna exclusión de responsabilidad penal.[11]

En cuanto al procedimiento a seguir al plantearse las defensas afirmativas, la tratadista Dora Nevares-Muñiz explica lo siguiente:

> Tratándose de **defensas afirmativas**, es necesario que el acusado acepte la comisión de los hechos. Ahora bien, alegará como justificación, excusa o eximente jurídica al delito la causa de exclusión de responsabilidad que proceda en su caso. El acusado presentará prueba de los requisitos de la eximente. Le corresponderá entonces al fiscal probar la culpabilidad del acusado fuera de toda duda razonable.[12] (Énfasis Nuestro).

Cónsono con lo anterior, el imputado debe aceptar la comisión de los hechos del delito como parte de sus alegaciones e incorporar la defensa de la causa de exclusión de responsabilidad penal que le corresponda a su teoría legal del caso. **Asimismo, en la etapa del juicio,** el fiscal presentará la evidencia en contra del imputado para probar su caso más allá de duda razonable y el acusado presentará la prueba que sustente su defensa. En todo caso, la determinación sobre si se constituyó la defensa de causa de exclusión de responsabilidad penal se reservará para el juzgador y descansará en su sana discreción al momento de emitir su fallo.

---

[10] D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, 7ma ed. rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2015, pág. 211.
[11] *Id.*
[12] D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, *op. cit.*, pág. 213.

**B.** *La Defensa de Conducta Insignificante*

Entre las defensas eximentes, existe la defensa de conducta insignificante que, sin negar la existencia de un elemento del delito, establece que la conducta no es lo suficientemente nociva como para ser merecedora de pena, fundamentada en consideraciones de política pública que evite el aparato gubernamental emplee sus limitados recursos en perseguir infracciones de poca monta y quedando su adjudicación final en la sana discreción del juzgador de hechos.[13] En el derecho comparado, particularmente en la esfera federal y anglosajona, esta defensa es denominada *"de minimis"*.[14]

Nuestro Código Penal de 2012, según enmendado[15], establece varias causas de exclusión de responsabilidad penal, entre ellos la conducta insignificante. Sobre la conducta insignificante, el Art. 34 del Código Penal establece que "[n]o incurre en responsabilidad penal la persona cuya conducta es tan insignificante que no amerita el procesamiento ni la pena de una convicción". [16] En cuanto este particular, se trata de una conducta que, aunque no es justificada y tampoco el delito cometido, es relativamente tolerada por su escasa gravedad en las circunstancias que ocurre y porque no produce un daño o riesgo significativo al bien jurídico, por lo que no amerita procesamiento criminal.[17]

En otras palabras, su invocación implica reconocer que la conducta del imputado satisface todos los elementos del delito, pero que, a la luz de la totalidad de las circunstancias, resulta ser una

---

[13] L. Chiesa Aponte, *Derecho Penal Sustantivo*, 2da ed., Estados Unidos, Publicaciones JTS, 2013, pág. 143.

[14] D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General, op. cit.*, pág. 274. Véase, además, *Model Penal Code* § 2.12.

[15] Código Penal de Puerto Rico de 2012, Ley Núm. 146-2012, según enmendada, 33 LPRA § 5001 et seq. El Código Penal codifica las siguientes diez defensas afirmativas como causas de exclusión de responsabilidad penal: legítima defensa; estado de necesidad; ejercicio de un derecho o cumplimiento de un deber; obediencia jerárquica; error acerca de un elemento del delito; ignorancia de la ley penal; entrampamiento; intimidación o violencia; temor insuperable y **conducta insignificante.**

[16] *Id.*, 33 LPRA § 5047.

[17] D. Nevares-Muñiz, *Código Penal de Puerto Rico Comentado por Dora Nevares-Muñiz*, San Juan, Instituto para el Desarrollo del Derecho, Inc., 2019, pág. 73.

conducta tan trivial que no amerita emplear los limitados recursos del Estado e imponer una sanción o se exime de responsabilidad penal por no constituir el tipo de conducta que el legislador había previsto como punibles.[18]

## C. *Art. 411-A de la Ley de Sustancias Controladas*

El delito de introducción de drogas en escuelas o instituciones recreativas está tipificado en el artículo 411-A de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada.[19] En lo pertinente, el Art. 411-A establece lo siguiente:

> Toda persona que, a sabiendas e intencionalmente y en violación a las disposiciones de esta ley, introduzca, distribuya, dispense, administre, posea o transporte para fines de distribución, venda, regale, entregue en cualquier forma, o simplemente posea cualquier sustancia controlada de las incluidas en las Clasificaciones I a V de esta ley en una escuela pública o privada, instalación recreativa, pública o privada, o en los alrededores de cualquiera de éstas, incurrirá en delito grave y, convicta que fuere, será sentenciada con el doble de las penas provistas por el Artículo 401(b) o 404(a) de esta ley, por un delito cometido por primera vez, que envuelva la misma sustancia y la misma clasificación.
>
> [...]
>
> *Instalación recreativa pública o privada.*— Se entenderá todo parque, cancha, piscina, salón de máquinas de vídeo o pinball , estadio, coliseo, área o lugar designado o comúnmente utilizado para la celebración de actividades de juego, entretenimiento, diversión o recreación pasiva, competencias o eventos deportivos, profesionales o de aficionados. Por "alrededores de una instalación recreativa" se entenderá cubierta un área de hasta cien (100) metros radiales a contarse desde los límites de la instalación recreativa, según indicados estos límites por cerca o cualquier otro signo de demarcación. [...][20]

La redacción actual del referido artículo es producto de la enmienda de la Ley Núm. 18-1998, la cual tuvo el propósito de aclarar y expandir el alcance de la prohibición de distribución o

---

[18] L. Chiesa Aponte, *Derecho Penal Sustantivo, op. cit.,* pág. 143-145.
[19] Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA § 2411a.
[20] *Id.*

venta de drogas en las escuelas públicas y privadas, "o en sus alrededores", así incluyendo a todas aquellas áreas de diversión y recreación, pública o privada.

### III

Como único señalamiento de error, el peticionario indicó que el foro *a quo* incidió al no desestimar la acusación por tratarse de una conducta insignificante al amparo del el Art. 34 del Código Penal.[21] En apretada síntesis, la defensa del peticionario arguyó que basado en su experiencia como "Abogado Criminalista" la cantidad de sustancia controlada incautada, particularmente 0.19 gramos de marihuana, y su precio, ello constituye conducta insignificante debido a que no existe proporcionalidad entre los gastos de procesamiento en comparación al cumplimiento de la pena y el valor de la cantidad que se ocupó. Adelantamos que no le asiste la razón al peticionario.

Por otro lado, el Procurador General esgrimió que la defensa de conducta insignificante solo está disponible para actos de escasa gravedad que son tolerables por las circunstancias en que ocurren y que, a la luz del historial legislativo, el consumo o posesión de sustancias controladas en un área recreativa a plena luz del día no puede tildarse como conducta insignificante cuando se le ha dado un tratamiento distintivo a esta conducta delictiva en particular. En esencia, se trata precisamente de una conducta que la Ley Núm. 4 de 23 de junio de 1971[22] pretende evitar y penaliza severamente.

Ahora bien, nos corresponde determinar si se debe atender la causa de exclusión de responsabilidad penal que es la conducta insignificante previo a la etapa de juicio. Ante un concienzudo estudio y análisis de la defensa de conducta insignificante,

---

[21] Código Penal de Puerto Rico de 2012, Ley Núm. 146-2012, según enmendada, 33 LPRA § 5047.
[22] Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA § 2411a.

entendemos que, en nuestra jurisdicción, no podemos atender dicha causa de exclusión de responsabilidad penal previo al juicio. Lo contrario sería una determinación prematura y contrario a nuestro estado de derecho. Veamos.

Aunque ciertamente en otras jurisdicciones se ha utilizado la conducta insignificante, o la defensa *de minimis*, para la desestimación de una denuncia o acusación, la realidad es que nuestro ordenamiento jurídico no lo contempla. **Además, constamos que existe un consenso entre nuestros tratadistas que las causas de exclusión de responsabilidad penal son atendidas en la etapa de juicio, sin distinción especial para la conducta insignificante.** Ante ello, resulta forzoso concluir, tal como menciona la Dra. Dora Nevares-Muñiz, que la presentación y la determinación de conducta insignificante, así como las otras defensas afirmativas y eximentes de responsabilidad penal, **se reservará para el juzgador de los hechos en la etapa de juicio.[23]** Particularmente, el imputado deberá **(1)** aceptar la comisión de los hechos, **(2)** alegar la defensa afirmativa que proceda en su caso y **(3)** presentar evidencia a su favor mientras que el fiscal probará la culpabilidad del imputado más allá de duda razonable. **Una vez cumplido con lo anterior y presentada toda la prueba, le corresponderá al juzgador de los hechos, sea mediante jurado o por tribunal de derecho, tomar en última instancia la determinación apropiada a la luz de las circunstancias del caso y descansando en su sana discreción.**

En el caso de autos, el peticionario presentó una *Moción de Desestimación y/o para Presentar Defensas* **luego de la Vista Preliminar, pero previo a la etapa de juicio,** una acción prematura, pues, nuestro estado de derecho no contempla la

---

[23] D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General, op. cit.*.

desestimación o levantar una defensa afirmativa de una denuncia o acusación al amparo de una causa de exclusión de responsabilidad penal **previo al acto del juicio**. Además del inconveniente temporal, asunto que va a la médula de nuestro dictamen confirmando la decisión del foro de instancia, indudablemente también otros requisitos que deben observarse como parte de una defensa afirmativa bajo conducta insignificante fueron obviados por el peticionario. No surge que el peticionario personalmente haya admitido los hechos por infracción al Art. 411-A de la Ley de Sustancias Controladas de Puerto Rico según contemplado en el pliego acusatorio. Más bien, su argumento principal para que el Tribunal adjudicara a su favor su petición giró alrededor de la "experiencia profesional como Abogado Criminalista" de su representación legal relacionado al costo al detal correspondiente a 0.19 gramos de marihuana versus el costo del procesamiento judicial y posible encarcelamiento en una facilidad correccional.

A lo anterior se añade que el Ministerio Público aún no ha tenido la oportunidad de presentar más allá de duda razonable su prueba ante el Juzgador de hechos, más aun tratándose como en el caso de autos, del procesamiento de un caso bajo el Art. 411-A de la Ley de Sustancias Controladas de Puerto Rico que busca mantener libre de la exposición de narcóticos a la comunidad que hace uso de facilidades recreativas y entretenimiento, así como las escuelas y sus áreas circundantes.

IV

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta sentencia, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida del Tribunal de Primera Instancia, Sala Superior de Ponce.

El Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin la necesidad de esperar por nuestro mandato.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones